## Elijah Pratt *versus* Jephthah Bacon *et al.*

The equity jurisdiction given to this Court by *St.* 1823, *c.* 140, § 2, in disputes between partners, joint-tenants and tenants in common, does not extend to cases between members of a manufacturing corporation which has not been dissolved.

Whether the dissolution of the corporation would make any difference, *quære.*

After a decision upon a plea to the jurisdiction, that a bill in equity between members of a manufacturing corporation cannot be sustained, the Court will not grant the plaintiff leave to amend by averring that the corporation had been dissolved ; this being in effect to make a new and distinct case.

THIS was a bill in equity. The plaintiff alleges, that on February 13th, 1812, Bacon and others were made a corporation by the name of the Merino Wool Factory Company, with the powers and privileges, and subject to the duties and requirements, prescribed in *St.* 1808, *c.* 65, defining the general powers of manufacturing corporations ; that the corporation was organized and became possessed of real and personal estate ; that the plaintiff became a member of the corporation, and as such, in 1814, was seised and possessed of four thirtieths of all the corporate property belonging to the corporation, in common and in partnership with the other members thereof, and entitled to his full proportion of the profits thereof, or of the net proceeds thereof whenever it should be sold or otherwise disposed of, after the payment of debts, &c. ; that the corporation, from the time of its organization until about the month of August 1818, was constantly engaged in the business of manufacturing, and during all that time the plaintiff was a member of the corporation, and entitled to all the rights and privileges of a member, and still is ; that the defendants, Bacon and Brown, having, before August 1818, respectively become seised and possessed of shares in the corporation, and thereby become members, unjustly possessed themselves of all the property and all the records, books and papers of the corporation, and sold the property in the name of the corporation, and received the proceeds ; that a large balance would remain, after paying the debts of the corporation ; and that the defendants refuse to account to the plaintiff for his share of the balance, and refuse him access to the records, books and papers.

Pratt
*v.*
Bacon

124

*Oct. 8th*

The bill prays for a discovery and an account, and for general relief.

The defendant Bacon filed a plea to the jurisdiction of the Court as a court of equity.

*Tufts*, for the plaintiff, contended that the members of manufacturing corporations are copartners, within the meaning of *St.* 1823, *c.* 140, (which gives this Court equity jurisdiction in disputes between copartners, joint-tenants and tenants in common,) at least as between themselves, because they possess all the attributes of copartners. There is a community of profit and loss in their business. They own their shares together, for the prosecution of a business common to all. Upon the dissolution of the corporation, they are entitled to a *pro ratâ* distribution of the effects remaining after payment of the debts. Each member, in his individual capacity, is liable *in solido* for all the debts of the corporation. *St.* 1808, *c.* 65, § 6 ; *St.* 1821, *c.* 38.

The defendants may object, that real estate does not constitute a partnership fund, and so a manufacturing corporation differs from a partnership. *Goodwin* v. *Richardson*, 11 Mass. R. 469. But it is considered in equity courts in England, to be a joint fund and liable for the partnership debts. 3 Kent's Com. 14. So also in Connecticut. *Sigourney* v. *Munn*, 7 Connect. R. 11. By agreement between the partners real estate may constitute a partnership fund, as between the partners themselves, if not as to third persons. *Coles* v. *Coles*, 15 Johns. R. 159 ; *Edgar* v. *Donalty*, 2 Munf. 387 ; *Mʻ Dermot* v. *Lawrence*, 7 Serg. & Rawle, 438 ; 3 Kent's Comm. 15.

It may be said that a member of a manufacturing corporation may transfer his interest and introduce a stranger into the company. *St.* 1808, *c.* 65, § 4. So may a partner, by a stipulation in the articles of copartnership to that effect. Gow on Partn. 272 ; *Alvord* v. *Smith*, 5 Pick. 232.

Another difference may be suggested, that a member of such a corporation cannot contract, like a partner, for the company, unless he is the authorized agent. But partnerships also may be thus constituted, and all their power to contract may be delegated to an agent. Most of the fire and life insurance com-

panies in England are of this character.  *Alderson* v. *Pope*, 1 Campb. 404, note.

It may be said that the share or interest of a deceased member of such a corporation, will not vest in the survivors for the benefit of the representatives of the deceased, and that the death of a member will not operate as a dissolution of the corporation.  But partners may stipulate that the death of one shall not dissolve the partnership, and that his share shall descend to his representative as a partner.  3 Kent's Com. 31. The effect of the statute of 1808, is only to continue the principle of partnership in operation.  *Marcy* v. *Clark*, 17 Mass. R. 334.

These corporations are not like those to which some exclusive privileges are given, and they differ from partnerships only in possessing greater facilities to manage their affairs.  *Slee* v. *Bloom*, 19 Johns. R. 473.  A bank corporation has been treated as a copartnership.  *Gray* v. *Portland Bank*, 3 Mass. R. 383.

These corporators are at least tenants in common.  *Livingston* v. *Lynch*, 4 Johns. Ch. R. 573.

The statute of 1823 is remedial, and is to be expounded liberally and beneficially.  The language of it is not to be construed according to technical rules.  1 Bl. Com. 87 ; *Whitney* v. *Whitney*, 14 Mass. R. 88 ; *Holbrook* v. *Holbrook*, 1 Pick. 254.  It was intended to apply to all cases of joint interest which were the subject of equity jurisdiction in England and in which there was not a plain and adequate remedy at law.  *Ferry* v. *Henry*, 4 Pick. 75.

Courts of chancery in England treat corporations of this description as partnerships.  1 Madd. Ch. Pr. 93 ; *Adley* v. *Whitstable Company*, 17 Ves. 315 ; *S. C.* 1 Meriv. 107.

One member of a corporation may have a bill of discovery against another.  *Wych* v. *Meal*, 3 P. Wms. 311 ; *Dummer* v. *Corporation of Chippenham*, 14 Ves. 245.

As to the necessity of exercising equity jurisdiction in cases like this, see *Vose* v. *Grant*, 15 Mass. R. 505 ; *Spear* v. *Grant*, 16 Mass. R. 9.

*Barton*, for the defendants, said the Court has no equity jurisdiction, except what is given to it by statute, either expressly

or by necessary implication. *Mountfort* v. *Hall*, 1 Mass. R. 443 ; *Commonwealth* v. *Johnson*, 8 Mass. R. 87 ; *Tirrell* v. *Merrill*, 17 Mass. R. 117 ; *Dwight* v. *Pomeroy*, ibid. 303 ; *Stone* v. *Hobart*, 8 Pick. 466. A remedy in equity was necessary between copartners, but in the case of corporators the remedy at common law is sufficient. If papers of the corporation were improperly withheld from the plaintiff, he might have had a mandamus. The differences between partnerships and corporations are so strong, that it cannot be inferred that the equity powers of the Court in respect to the former were intended to apply to the latter.

*Oct.* 11*th.*     *Per Curiam.* The Court are all of opinion, that this bill cannot be sustained. It is, in effect, a bill by one corporator against other corporators, for an account of the corporate property. The plaintiff considers the act of incorporation as still in force, and the corporation still subsisting, and proceeds upon the ground, that as between each other, corporators are partners, joint-tenants or tenants in common, within the meaning of the statute, conferring upon this Court equity jurisdiction in controversies between parties standing in those relations. The equity jurisdiction of this Court is strictly limited, in regard to the subject matter of it, though ample and entire, as to every incidental question, and every remedy and course of proceeding, falling within the scope of such subject matter. It has often been decided, that the Court does not take equity jurisdiction, except where it is given by statute, either in express terms or by necessary implication, and that it will not be assumed, by analogy or equity of construction.[1]

There is certainly some resemblance between a corporation and a partnership, inasmuch as each may consist of two or more persons associated together, and acting in concert, for the promotion of some private or public object. But the difference between the relative rights and duties, the legal qualities and characteristics of the members of a manufacturing corporation, and copartners and tenants in common, is obvious and strongly marked. A corporation is an ideal body, subsisting only in contemplation of law, which may be composed of members

---

[1] See *Galvin* v. *Shaw*, 3 Fairfield, 456 ; *Given* v *Stimpson*, 5 Greenleaf, 303.

constantly changing, which is deemed, for useful purposes, to have an existence independently of that of all the members of which it is composed, to be capable of perpetual succession, and of acquiring, holding and conveying property. Its real and personal property is deemed to be vested in the corporation and not in the individuals composing it; and these have no other interest in it, or control over it, than the qualified ones, of electing officers, and receiving dividends and profits in the manner provided by the act of incorporation, or the votes and by-laws, which may be made pursuant to the powers conferred by it. They cannot bind their associates, or the corporation, either in any personal obligation, or executory contract, nor alienate, pledge or otherwise affect the corporate property, by any sale, mortgage, contract or other personal act. They may change their relation to the corporation, at any time, by a sale of their shares ; and such sale is not deemed to be a transfer of any legal interest in the corporate property, but of the qualified, beneficial interest before mentioned. By a like transfer of shares, strangers may become members without the consent of the corporation, unless when some restraint is imposed upon the general right by a by-law, and such by-law, by imposing a particular limitation, would itself imply the existence of the general rule. It is true, that at the time this corporation was established, by force of a particular provision of law, the individual members were made conditionally liable for the debts of the corporation ; but as the law then stood, this liability ceased, by their ceasing to be members, by a sale of their shares, even for debts and obligations incurred whilst they were members, contrary to the well known rule of law in relation to partners. But further, this liability was several and not joint ; it was provisional and collateral, in the nature of a guaranty, not the debt or obligation of the corporators themselves personally ; it resulted from the positive provision of the statute, and not the common law obligation of a contract deemed to be made by them, and growing out of the relation in which they were placed. In all these respects the members of a manufacturing corporation, in their legal relations to each other, differ essentially and radically from partners, joint-tenants and tenants in common ; and however beneficial it might be for the members

Pratt<br>v.<br>Bacon.

127

of corporations, now so extensively multiplied through the Commonwealth, to have the aid of a court of equity, in adjusting the multifarious and perplexing controversies, which are likely to arise out of this relation, still we are all of opinion, that by no reasonable construction of the statute relied upon, can their case be brought within the equity jurisdiction given by that statute.[1]

In consequence of a remark of the Chief Justice, that this decision would not affect the question, what would be the relation of members of a corporation to each other, and to the real and personal property, after a dissolution of the corporation, the plaintiff offered an amendment to the bill, setting forth that there had been no meeting of the corporation since 1818, with other facts, whereby, as he alleged, it would appear that the corporation had been dissolved.

*Per Curiam.* This amendment is, in effect, making a new bill, and a wholly new case, and, under the circumstances, cannot be allowed.[2] It is said that amendments are allowed liberally in suits in equity. This is true, but it depends upon the nature and objects of the proposed amendments. Where the object is to strengthen, elucidate and explain the case made by the original bill, to traverse and draw in issue every material fact which may directly or indirectly affect such case, amendments, however considerable, will be freely allowed ; but where the effect of an amendment is to abandon the case originally made and to make a new and distinct one, we think a different rule should guide the discretion of the Court, and in general it will be more consonant with the purposes of justice, to leave the plaintiff to bring a new suit, if he shall be so advised. So at common law, where there has been a general demurrer and a decision upon the merits, the Court in general will not permit such an amendment as to make substantially a new case. This principle is applicable here.

---

[1] *Russell* v. *M'Lellan*, 14 Pick. 63.
[2] See *Bishop* v. *Williamson*, 2 Fairfield, 502.

Various facts are set forth in the amendment, from which the Court would be called upon to determine whether there had been a dissolution of the corporation, and if so, what were the relations of the parties to each other and to the corporate property, upon such dissolution, either at common law or by statute. Upon these questions we give no opinion, in deciding that the amendment now offered cannot be allowed.

*Bill dismissed.*